Filed:  September 11, 2012

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2270
(3:09-cv-01059)

BRETON LEE MORGAN, M.D.,

            Plaintiff - Appellant,

      v.

KATHLEEN SEBELIUS, Secretary of Department of Health and
Human Services,

            Defendant - Appellee.

O R D E R

      Upon Appellee's motion for publication of the Court's
opinion,

      IT IS ORDERED that the motion to publish is granted.

      The Court amends its opinion filed June 14, 2012, as
follows:

      On the cover sheet, section 1 -- the status is changed from
"UNPUBLISHED" to "PUBLISHED."

      On the cover sheet, section 6 -- the status line is changed
to read "Affirmed by published per curiam opinion."

On page 2 -- the reference to the use of unpublished opinions as precedent is deleted.

For the Court – By Direction


/s/ Patricia S. Connor
Clerk

PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BRETON LEE MORGAN, M.D.,

       *Plaintiff-Appellant,*

v.

KATHLEEN SEBELIUS, Secretary of
Department of Health and Human
Services,

       *Defendant-Appellee.*

No. 10-2270

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(3:09-cv-01059)

Argued: May 17, 2012

Decided: June 14, 2012

Before TRAXLER, Chief Judge, and MOTZ and KEENAN,
Circuit Judges.

Affirmed by published per curiam opinion.

## COUNSEL

**ARGUED:** James Michael Casey, Point Pleasant, West Virginia, for Appellant. Daniel Tenny, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appel-

lee. **ON BRIEF:** William B. Schultz, Acting General Counsel, Catherine L. Hess, Senior Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Washington, D.C.; Tony West, Assistant Attorney General, Michael S. Raab, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; R. Booth Goodwin II, United States Attorney, Charleston, West Virginia, for Appellee.

## OPINION

PER CURIAM:

Breton Lee Morgan appeals a district court order dismissing his action challenging the decision of the Secretary of the United States Department of Health and Human Services ("the Secretary") to exclude him for five years from participating in Medicare, Medicaid, and all other federally sponsored health care programs pursuant to the applicable terms of 42 U.S.C.A. § 1320a-7(a)(3) (West 2011). Finding no error, we affirm.

I.

Morgan is a physician licensed to practice medicine in West Virginia. In March 2007, he pled guilty to one count of violating 21 U.S.C. § 843(a)(3), which proscribes "knowingly or intentionally . . . acquir[ing] or obtain[ing] possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." 21 U.S.C.A. § 843(a)(3) (West 1999). His plea was based upon several occasions in which Morgan obtained free hydrocodone samples from pharmaceutical representatives for his personal use by leading the representatives to believe that he would be giving the samples to his patients for medical purposes. As a result of the plea, Morgan was sentenced to 30 days' imprisonment and three months of supervised release.

On May 30, 2008, the Inspector General ("I.G.") of the Department of Health and Human Services ("HHS") wrote Morgan, notifying him that he would be excluded for five years from participating in Medicare, Medicaid, and all other federal health-care programs pursuant to the applicable terms of 42 U.S.C.A. § 1320a-7(a)(3). This statute requires the Secretary to impose such an exclusion on "[a]ny individual or entity that has been convicted for an offense which occurred after August 21, 1996, under Federal or State law, in connection with the delivery of a health care item or service" if that offense consists of a "felony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct." 42 U.S.C.A. § 1320-7(a)(3).

Morgan appealed the I.G.'s decision in a proceeding before an Administrative Law Judge ("ALJ") in HHS's Departmental Appeals Board ("DAB") Civil Remedies Division. The ALJ found that the I.G. had a sufficient basis to exclude Morgan and that the five-year term of the exclusion was not unreasonable in light of applicable law.

Morgan then appealed the ALJ's decision to the DAB Appellate Division on April 3, 2009. In his proceeding before the Appeals Board (the "Board"), Morgan argued, as is relevant here, that to warrant an exclusion under 42 U.S.C.A. § 1320a-7(a)(3), a conviction must be for an offense that relates to financial misconduct. Morgan maintained that his fraud conviction was not related to "financial misconduct" since he neither had a corrupt motive nor received any substantial pecuniary benefit in committing the crime to which he pled guilty. The Board rejected Morgan's argument, finding that Morgan was excludable under § 1320a-7(a)(3) because his conviction constituted "fraud" within the plain meaning of the statute regardless of whether it was related to financial misconduct. The Board additionally concluded, in any event, that his crime was related to financial misconduct insofar as he "derived some unquantifiable measure of pecuniary value by illegally diverting the controlled substances." J.A. 31.

Morgan subsequently brought an action in federal district court, asserting that the Board erred in failing to recognize that § 1320a-7(a)(3) applies only to offenses relating to financial misconduct. Concluding that the statute unambiguously is not limited to offenses relating to financial misconduct, the district court dismissed Morgan's action.

## II.

Reiterating his argument that § 1320a-7(a)(3) is limited to offenses relating to financial misconduct, Morgan argues that the district court erred in dismissing his suit. We disagree.

"We review questions of statutory construction *de novo*." *Orquera v. Ashcroft*, 357 F.3d 413, 418 (4th Cir. 2003). Because the Secretary is charged with administering § 1320a-7(a)(3), the established rules of deference in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), guide our analysis. Under *Chevron*, if a statute is unambiguous regarding the question presented, the statute's plain meaning controls. *See Saintha v. Mukasey*, 516 F.3d 243, 251 (4th Cir. 2008). However, "[i]f . . . the statute is silent or ambiguous with respect to the specific issue before us, the question for this court becomes whether the [Secretary's] interpretation 'is based on a permissible construction of the statute.'" *Id.* (quoting *Chevron*, 467 U.S. at 843).

Under *Chevron*'s first step, we "employ[ ] traditional tools of statutory construction" in considering whether Congress addressed "the precise question at issue." *Chevron*, 467 U.S. at 842, 843 n.9. In doing so, "we begin with the text and structure of the statute." *National Elec. Mfrs. Ass'n v. United States Dep't of Energy*, 654 F.3d 496, 504 (4th Cir. 2011).

Congress required the Secretary to exclude from participation in federal health-care programs any person who has been convicted of an offense "in connection with the delivery of a health care item or service" if that "offense consist[s] of a fel-

ony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct." 42 U.S.C.A. § 1320-7(a)(3). It is undisputed that Morgan was convicted of a felony relating to fraud and connected to the delivery of health care. He nevertheless maintains that his conviction was not for "a felony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct" since his offense did not relate to financial misconduct. That is incorrect.

The applicable language makes clear that to warrant mandatory exclusion, an offense need only relate to at least one of five categories: (1) fraud, (2) theft, (3) embezzlement, (4) breach of fiduciary responsibility, *or* (5) other financial misconduct. The argument that the presence of the fifth category, "other financial misconduct," somehow narrows the meaning of "fraud" from its ordinary usage is unpersuasive. *See Carbon Fuel Co. v. USX Corp.*, 100 F.3d 1124, 1133 (4th Cir. 1996) (explaining that unless there is "explicit legislative intent to the contrary," we must give words in a statute their "plain and ordinary meaning"). Morgan maintains that if the presence of the word "other" did not have this narrowing effect, "there would be no reason to have the word 'other' in the statute." Appellant's brief at 11. But that is simply not correct. That the fifth category is "*other* financial misconduct" reflects the fact that the other four categories can, themselves, relate to financial misconduct. In this way, the presence of "other" eliminates the possible confusion that could have resulted from a statute that applied to "embezzlement . . . or financial misconduct."

In fact, it is Morgan's interpretation that would render much of the language surplusage. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 574 (1995) (explaining that a court should "avoid a reading which renders some words altogether redundant"). Had Congress intended that an offense must relate to financial misconduct for the mandatory exclusion to apply, then it could have omitted the terms "fraud," "theft," "embez-

zlement," and "breach of fiduciary responsibility" and simply required the exclusion for offenses "relating to financial misconduct."

Furthermore, Morgan's interpretation would not serve the statute's purposes. *See, e.g.*, *United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (explaining that "[i]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy" (internal quotation marks omitted)). Congress enacted the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), of which 42 U.S.C. § 1320-7(a)(3) is a part, "to combat waste, fraud, and abuse in health insurance and health care delivery." Pub. L. No. 104-191, 110 Stat. 1936, 1936 (1996). In fact, the legislative history to § 1320-7(a)(3) as it was originally enacted indicates that it was specifically intended to protect federal programs from untrustworthy individuals and to "provide a clear and strong deterrent against the commission of criminal acts."* S. Rep. 100-109, at 5 (1987), *reprinted in* 1987 U.S.C.C.A.N. 682, 686. These purposes indicate that Congress was targeting fraud generally, not simply fraud relating to financial misconduct, and none of the purposes would be served by narrowing the scope of the statute as Morgan urges.

Finally, it is worth noting that the Senate Report that accompanied the statute as originally enacted described the provision as applying to "a criminal offense relating to fraud, theft, embezzlement, breach of fiduciary responsibility or financial abuse." S. Rep. No. 100-109, at 6 (1987), *reprinted in* 1987 U.S.C.C.A.N. 682, 687; *see National Elec. Mfrs. Ass'n*, 654 F.3d at 504-05 ("[W]e have described legislative history as one of the traditional tools of interpretation to be consulted at *Chevron's* step one."). Considering that the word

---

*As originally enacted, the statute made exclusion from the federal programs only optional as opposed to mandatory.

"other" did not even appear in the description, there was no suggestion that Congress intended that "fraud" would have anything other than its ordinary meaning.

For all of these reasons, we hold that regardless of whether the district court correctly concluded that the statute unambiguously does not require that any fraud relate to financial misconduct in order to warrant the mandatory five-year exclusion, the Secretary's construction was, at the very least, a permissible one to which we must defer.

## III.

Finding no error, we affirm the district court's dismissal of Morgan's case.

*AFFIRMED*